# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | |
|---|---|
| STAE OF DELAWARE, | ) |
| | ) |
| v. | ) |
| | ) |
| DADRIQUE MONTQUE, | )     I.D. No. 2502009481 |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## ORDER

This 24th day of April 2026, the Court enters the following Order:

1. The issue before the Court is quite discrete. The Defendant pled guilty to Robbery Second Degree and Conspiracy Second Degree, which triggered a violation of his probation from a prior misdemeanor conviction for Receiving Stolen Property.[1] He has filed a Rule 61 motion, alleging ineffective assistance of his guilty plea counsel because, unknown to his counsel, the Defendant was a lawful permanent resident in the U.S., but a native of Jamica.[2] As a result of his guilty plea, immigration authorities have initiated mandatory deportation proceedings.[3] He says

---

[1] *State v. Montque*, Superior Court Criminal Docket, ID No. 2502009481, Docket Item (hereinafter "D.I. _") 7.
[2] D.I. 17, 18.
[3] D.I. 18, Ex. 3.

guilty plea counsel was ineffective for failing to advise him of the immigration consequences of his guilty plea.

2.  The principal in play was articulated by the U.S. Supreme Court in *Padilla v. Kentucky*.[4] There, the defendant and his lawyer were acutely aware of his immigrant status and his lawyer incorrectly advised him that he did not have to worry about deportation consequences in pleading guilty.[5] The *Padilla* case thus established a duty to advise non-citizens that a plea could well have immigration consequences.[6]

3.  That is not exactly the question here: Defendant's guilty plea counsel did not know that Defendant was not a citizen, and thus did not offer any advice on the immigration consequences since, so far as he knew, there were none.

4.  In order to qualify for relief under Rule 61, the Defendant must demonstrate that guilty plea counsel's representation was so ineffective as to fall below an objective standard of reasonableness.[7]

5.  The present iteration of this Court's Truth in Sentencing guilty plea form includes a specific, italicized notification that a guilty plea may subject a

---

[4] 559 U.S. 356 (2010).
[5] *Id.* at 359.
[6] *Id.* at 376.
[7] *Strickland v. Washington*, 466 U.S. 668 (1984).

defendant to deportation or other immigration consequences.[8]  Indeed, this specific notification is likely a direct result of the Supreme Court's *Padilla* decision.

6.      Defendant's guilty plea counsel has supplemented the record with an affidavit denying any knowledge that the Defendant was not a citizen of the U.S.[9] He further swore that his routine practice is to mark the italicized disclaimer concerning immigration status "N/A" when reviewing the form with his clients in cases where his client informs him that he is a U.S. citizen and so the question is "not applicable" to him.[10]

7.      In the guilty plea colloquy between the Court and the Defendant, the subject of where he was "from" was specifically discussed and Defendant spoke only of his home in New York.[11]  He gave the Court no hint that he was not a U.S. citizen.

8.      In an earlier case, in 2023, when the Defendant pled guilty to Receiving Stolen Property, he responded "yes" that he understood that the guilty plea could have negative immigration consequences.[12]

---

[8] D.I. 7.
[9] D.I. 22.
[10] *Id.*
[11] D.I. 18, Ex. 2.
[12] D.I. 26, Ex. D.

9. In a number of decisions of the Delaware Supreme Court, the Court has held that a defendant is bound by his answers on the Truth in Sentencing guilty plea form and statements made during the plea colloquy are presumed truthful.[13] To overcome this "formidable barrier," a defendant must show clear and convincing evidence to the contrary.[14] Collateral attacks based on mere assertions by the defendant are insufficient.[15]

10. The record prior to Defendant's Rule 61 motion is barren of any hint that he was not a U.S. citizen, despite multiple points at which he was invited to make that disclosure. In light of that record, what are we to make of the duty of Defendant's attorney under Rule 61, which is the basis for Defendant's motion?

11. In *Padilla*, the Court said that in cases in which the defendant's immigration status is unknown or unclear, "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry adverse immigration consequences."[16] The Truth in Sentencing form in Superior Court does

---

[13] *See, e.g., Somerville v. State*, 703 A.3d 629, 632 (Del. 1997); *Gordon v. State*, 2025 WL 1923649, at *2-3 (Del. Supr. July 14, 2025); *Sartin v. State*, 2014 WL 5392047, at *3-4 (Del. Supr. Oct. 21, 2014).

[14] *Somerville*, 703 A.3d at 632 (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). *See also* cases cited *supra* note 13.

[15] *Blackledge*, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *State v. Melendez*, 2003 WL 23095688, at *4 (Del. Super. Dec. 19, 2003), *aff'd*, 858 A.2d 960 (Del. 2004) ("[A] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea.") (citation omitted).

[16] *Padilla v. Kentucky*, 559 U.S. 356, 357 (2010).

just that. Guilty plea counsel swears that he marked the response "N/A" because it is his normal practice to mark it that way when he inquires of the defendant and the defendant responds that he is a U.S. citizen. In light of the evidence that the Defendant did nothing to advise his attorney that he was not a citizen, despite specific questions directed to that issue, it is difficult to imagine what duty the Defendant would have the Court impose on guilty plea counsel. *Padilla* assumes that defense counsel knows his client is a noncitizen. Neither *Padilla* nor any other case brought to the Court's attention imposes upon counsel a duty to independently investigate his client's nationality.

12. In *State v. Aiken,*[17] Superior Court addressed a case with remarkably similar facts. A different defense attorney marked the citizenship question on the form "NA" and the defendant filed a Rule 61 motion and a motion to withdraw his guilty plea on the grounds that the attorney had failed to inform him of the risk of deportation.[18] The Court held that in light of an affidavit from the attorney stating he had no knowledge of the defendant's noncitizen status, the defendant failed to overcome the "strong presumption" that counsel's representation was reasonable.[19]

---

[17] *State v. Aiken*, 2013 WL 6052838 (Del. Super. Oct. 22, 2013).
[18] *Id.* at *1.
[19] *Id.* at *2.

5

13. Here, the Court must agree with the holding in *Aiken*. There is no evidence in this record that his counsel was aware that Defendant was a noncitizen. Because the burden is on the Defendant to put forth that evidence in order to obtain relief, the Court must deny the motion.

**IT IS SO ORDERED.**

      **/s/ Charles E. Butler**
Charles E. Butler, Resident Judge